LOYD MORELAND, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 15669

August 28, 1985                                    705 P.2d 160

---

*Morgan D. Harris,* Public Defender, and *Gary H. Lieberman,* Deputy Public Defender, Clark County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Following a jury trial, appellant was convicted of one count of larceny from the person. On appeal, he contends that his conviction cannot stand because he was entrapped into committing the larceny. We agree.

The undisputed evidence presented at appellant's trial established that appellant was arrested by four police officers who were conducting a "decoy operation" in downtown Las Vegas. On the evening of appellant's arrest, one of the police officers disguised himself as a vagrant. The officer, sitting on the ground and leaning against a palm tree, pretended to be intoxicated or asleep. A Western Union envelope containing three one-dollar bills and one simulated $100 dollar bill protruded from the decoy officer's pocket. As appellant was walking by the officer, it appears he looked down and saw the envelope. He then stopped and took the bait, but did not otherwise molest the decoy in any way. Appellant was arrested immediately and subsequently charged with larceny from the person.

In Oliver v. State, 101 Nev. 308, 703 P.2d 869 (1985), this court reversed the conviction of a defendant who was the victim of a virtually identical decoy operation. In *Oliver,* we noted that the state may not employ extraordinary temptations or inducements to seduce a person to commit a crime who is not otherwise disposed to do so.

Accordingly, we must conclude that appellant was impermissibly entrapped into committing the larceny, and we therefore reverse appellant's conviction. *See* Oliver v. State, *supra.*